IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                              CASE NO. 4:11CR40037-024

AARIUS COOKS                                                                                DEFENDANT

### ORDER

Before the Court is Defendant Aarius Cooks' Pro Se Motion to Withdraw Guilty Plea. (ECF No. 1035). The government has responded. (ECF No. 1058). The Court finds the matter ripe for consideration.

On April 27, 2012, pursuant to a written plea agreement, Aarius Cooks pled guilty to Count 1 of the Indictment, conspiracy to distribute more than 280 grams of crack cocaine, in violation of 21 U.S.C § 846. At Cooks' plea hearing, the Court engaged in an explanation and discussion pursuant to Fed. Rule of Crim. 11(b). The Court fully explained the charges against Cooks, the consequences of pleading guilty, and the statutory range of punishment for that count. Specifically, the Court told Cooks that neither his attorney nor the Court could tell him what his exact sentencing guideline range would be. The Court heard Cooks' responses, including a factual basis for his plea, and accepted Cooks' plea.

On January 15, 2013, Cooks filed the present pro se motion to withdraw his guilty plea. (ECF No. 1035). Cooks claims that he relied on misleading advice by his attorney when he made the decision to plead guilty. According to Cooks, his attorney assured him that, if he signed the plea

agreement, he would "receive a lesser sentence if [he] cooperated" and would "qualify for the safety valve."

Under Fed. R. Crim. P. 11(d)(2)(B), after a court accepts a guilty plea, a defendant may still withdraw the plea before sentence is imposed if "the defendant can show a fair and just reason for requesting withdrawal." *See U.S. v. Alvarado*, 615 F.3d 916, 920 (8th Cir. 2010). In addition to a "fair and just reason for withdrawal," a court may consider any legal assertions of innocence, the length of time between the guilty plea and the motion to withdraw, and the prejudice to the government in granting the motion to withdraw. *U.S. v. Teeter*, 561 F.3d 768, 770 (8th Cir. 2009). "If a defendant fails to show a fair and just reason for withdrawing his plea, however, a district court need not address the remaining considerations." *Id*. The occasion for setting aside a guilty plea should seldom arise when a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he or she acknowledged committing the crime. *Alvarado*, 615 F.3d at 920 (quoting *U.S. v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir. 1971)).

Here, Cooks asserts that he has provided a fair and just reason to withdraw his guilty plea because he was misled by his attorney to believe that he would be eligible for the safety-valve adjustment and would serve a lesser sentence if he cooperated. The United States Court of Appeal for the Eighth Circuit's precedent is clear:

> A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

*U.S. v. Ramirez-Hernandez,* 449 F.3d 824, 826 (8th Cir. 2006) (internal citation omitted); *see also U.S. v. Ludwig*, 972 F.2d 948, 949-51 (8th Cir. 1992) (holding that a failure to advise a defendant that the career offender provisions might apply did not provide a basis for plea withdrawal even though counsel calculated the likely guidelines range as 130-162 months and the actual career-offender range was 210-262 months).

Cooks entered his plea of guilty after the Court reviewed with him the plea agreement and the consequences of a guilty plea. Cooks acknowledged under oath that he was guilty of the charge, that the statement of facts in the plea agreement were true, and that he voluntarily decided to plead guilty. The Court explained to Cooks that he would be sentenced according to the United States Sentencing Guidelines and that those guidelines were advisory. The Court further explained to Cooks that his guideline range would not be known until the Presentence Report was completed. Cooks assured the Court that no one had made any promises to him, other than those contained in the agreement, to get him to sign the plea agreement.

Based on the explanation and discussion at the plea hearing pursuant to Fed. R. Crim. P. 11 and Cooks' responses during that hearing, the Court finds that Cooks cannot show a fair and just reason for requesting withdrawal and therefore is not entitled to withdraw his plea. Assuming his stated reason for withdrawing his plea is true, Cooks does not provide a sufficient basis to permit him to withdraw his guilty plea. Despite any erroneous predictions on the part of defense counsel, Cooks was fully aware of the potential range of punishment to which he was exposing himself through his plea. *See U.S. v. Burney*, 75 F.3d 442, 445 (8th Cir. 1996) ("A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential

punishment and that the Guidelines would be applied to determine his sentence."). Moreover, Cooks has not propounded his innocence, he filed his motion to withdraw guilty plea over 8 months after he pled guilty, and the government may be prejudiced if Cooks is permitted to withdraw his guilty plea approximately 20 months after he was arrested.

Upon consideration, the Court finds that Cooks' Pro Se Motion to Withdraw Guilty Plea (ECF No. 1035) should be and hereby is **DENIED**.

IT IS SO ORDERED, this 17th day of June, 2013.

       /s/ Susan O. Hickey  
      Susan O. Hickey  
      United States District Judge